**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DOMINION RESOURCES, INC.,** | |
| and | |
| **VIRGINIA ELECTRIC & POWER COMPANY,** | |
| Plaintiffs, | Case No. 04-0084C |
| v. | Judge Bruggink |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**PLAINTIFFS' REPORT IN RESPONSE TO ORDER FOR PRE-DISCOVERY CONFERENCE IN NEW SNF CASES**

Plaintiffs, Dominion Resources, Inc. and Virginia Electric & Power Company (for these purposes "Plaintiffs"), respectfully submit the following report in response to the Court's "Order for Pre-Discovery Conference in New SNF Cases," filed April 12, 2004 (the "Pre-Discovery Order").[1/]

As a threshold matter and as described in Plaintiffs' March 26, 2004 response to "Defendant's Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues," Plaintiffs wish to emphasize that they do *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other

1/ This case is directly related to another case pending before this court, *Dominion Resources, Inc., Dominion Nuclear Connecticut, Inc. v. United States*, No. 04-0083C (Bruggink, J.) (the "Connecticut case"). Both cases involve nuclear plants operated by direct or indirect subsidiaries of Dominion Resources, Inc. This case involves the Surry 1 and 2 and North Anna 1 and 2 units in Virginia. The Connecticut case involves the Millstone Units 1, 2 and 3 in Connecticut. Identical Pre-Discovery Orders were issued in both cases. Plaintiffs are filing similar responses in both cases.

active litigation such as substantive motions practice. This is because there is at least a reasonable chance that developments in other cases could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. The damages caused by the Government's failures regarding spent nuclear fuel and high level waste are substantial. As the timing of the filing of this lawsuit on the eve of an arguable expiration of the applicable limitations period suggests, however, Plaintiffs do not believe that adversarial litigation against the Government is a preferred option. Although Plaintiffs were constrained to file this lawsuit in order to protect their rights to recover the substantial damages to which they are entitled, they nevertheless desire to prosecute their case in the most efficient and economical manner possible. For these reasons and in furtherance of these goals, Plaintiffs propose a modest and reasonable stay of the lawsuit.

Plaintiffs note, however, that they do not necessarily concur with the Government's request for an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three identified "lead" cases.[2/] It is certainly possible that further developments—in the three lead cases in which trial dates have been set or otherwise—could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that Plaintiffs believe that this case may differ in significant respects from some or all of the three cases identified by the Government. For example, *Yankee Atomic Power Company*, No. 98-126C, involves power plants that are permanently shut down,

---

2/ The three "lead" cases cited by the Government in its Motion to Stay are *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow), *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt).

unlike the operating North Anna and Surry units that are the subject of this lawsuit. Further, as Plaintiffs have already constructed on-site dry storage facilities at North Anna and Surry and already received approval from the Nuclear Regulatory Commission for renewal of the operating licenses for North Anna and Surry, this case may not involve many of the complexities regarding assessment of future damages that are presented in some of the "lead" cases, including *Indiana Michigan Power Co.*, No. 98-486C. For these and other reasons, this case may well *not* implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases, and some flexibility regarding a stay based upon those cases is therefore appropriate. In order to allow for these various possibilities in a reasonable manner, Plaintiffs suggest that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

Because Plaintiffs do not believe that the scope of the matters that will remain truly disputed in this case can be known at this time, Plaintiffs have not yet developed or finalized their discovery plans or objectives with regard to this lawsuit. Plaintiffs respectfully suggest that it would be premature to require them to do so now.

In accordance with the Court's Pre-Discovery Order, Plaintiffs submit the following information regarding their discovery plans and objectives:

1. *The nature and scope of discovery Plaintiffs anticipate needing to respond to the Government's standard dispositive motion on the rate of acceptance*: The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that Plaintiffs would desire to avoid, if possible. A definitive

appellate ruling, or further rulings from judges on this Court who are presiding over cases where such issues are ripe, could very well obviate the necessity of such motions and discovery in this case as a legal or practical matter.

Nevertheless, if the Government were to file such a motion in this case and Plaintiffs were compelled to respond, Plaintiffs anticipate that they would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older spent fuel cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for Plaintiffs to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for Plaintiffs to identify more specific formal discovery plans or schedules on this issue.

2. *Any circumstance that may affect the timing of discovery or trial*: As noted above, Plaintiffs currently believe that possible developments in older spent fuel cases may affect the timing of discovery or trial. Plaintiffs do not believe that it is prudent in this case for the parties to pursue active litigation in the short term. In order to allow in a reasonable manner for possible efficiencies due to developments in the older spent fuel cases, Plaintiffs recommend that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings including additional discovery.

3. *If known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case)*: Again, and depending upon how matters unfold in the future in the other pending cases, Plaintiffs believe that there is some reasonable chance that much, if not all, of the discovery taken in the older cases may not be necessary for this case. Assuming, however,

that there was some need for development of a factual record on such issues in this case, Plaintiffs do not now know whether discovery, including depositions, previously provided in the older spent fuel cases would suffice for purposes of this lawsuit. Plaintiffs understand that an extensive discovery record was developed in those older cases and Plaintiffs would anticipate, to the maximum extent practicable, making use of that discovery. However, as Plaintiffs do not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access) it is simply not possible at this time for Plaintiffs to commit to forego the independent discovery rights to which they are entitled under the Rules.

4. *Additional responses to the issues raised in defendant's motion to stay or coordinate discovery*: Plaintiffs suggest that they provide Judge Bruggink with an update of their discovery plans and schedules in the status report that they propose to file in six months as part of the recommended temporary stay. This additional time will enable Plaintiffs to assess the Government's proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Order, and allow for the parties and the Court to assess any developments in other cases that may impact Plaintiffs' discovery requirements.

## CONCLUSION

For the reasons described above, Plaintiffs believe it is unnecessary and premature for the Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, Plaintiffs suggest that they provide Judge Bruggink with an update regarding the desirability for a continued stay and recommendations for further proceedings, including any additional discovery, in a status report to be filed in six months.

s/ Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

April 23, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiffs
Dominion Resources, Inc., and
Virginia Electric & Power Company.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of April, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette