IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC and POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-84C (Judge Bruggink) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR ENTRY OF AN AMENDED PROTECTIVE ORDER, THE E-MAIL PRESERVATION ORDER, AND THE STIPULATED ORDER GOVERNING REVIEW OF THE "RECORD INFORMATION SYSTEM" DATABASE

Defendant, the United States, respectfully requests that the Court enter the attached proposed orders -- an amended protective order, the e-mail preservation order, and the order governing access to the "Record Information System" database -- in this case. Plaintiffs, Dominion Resources Inc. and Virginia Electric and Power Company ("Dominion"), do not oppose the entry of these orders in this case. We also respectfully request that the Court enter these orders promptly because the Court has recently lifted the stay of proceedings and discovery in this case is now underway.

The Court previously entered a protective order in this case on May 18, 2004, which provides, in part, "[c]onfidential information shall be used by the receiving party solely for the purpose of conducting the above-referenced litigation and not for any business or other purpose whatsoever . . . ." Protective Order (May 18, 2004), ¶ 4. This language was taken directly from the protective order entered by Judge Sypolt in the coordinated discovery proceedings that occurred in 2001 and 2002. However, the coordinated discovery protective order is captioned with the names of all the spent nuclear fuel cases then pending before the Court. Accordingly,

any information designated as subject to the protective order could be used in any of the cases then pending. The current protective order in this case bears only the case caption, limiting the use of any information designated as subject to the protective order to this case exclusively. Because Dominion's case arises from the same Standard Contract at issue in all of the SNF cases pending before the Court, 10 C.F.R. § 961.11, this limitation could affect the Government's ability to present its case. To the extent that parol evidence is necessary to interpret DOE's obligations under the Standard Contract, the understanding and views of other utilities and the industry as a whole are relevant to the Court's interpretation of the Standard Contract. Restatement (Second) of Contracts § 211 (1981). To present this evidence, the Government expects that it will need to rely upon materials produced by Dominion and other SNF plaintiffs that may be designated as subject to the protective orders in those respective cases. Absent a change to the existing protective order, the Government will be unable to use any materials produced by Dominion in other cases and may be precluded from using materials produced by other SNF plaintiffs because the protection of the protective orders are not coextensive.

To make the protective orders in all of the SNF cases standard and correct other identified problems, the Government requests that the Court enter the attached revised protective order. The proposed protective order differs from the current protective order in three ways: (1) in paragraph 4 of the standard protective order, we have changed the language "the above-entitled litigation" to "litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims" to ensure that documents protected under the basic protective order may be used in spent nuclear fuel cases in which protective orders have been entered; (2) in paragraph 10 of the standard protective order, we have modified the language that previously

read "[w]ithin ninety (90) days after the conclusion of this litigation" to "[w]ithin ninety (90) days after the conclusion of the spent nuclear fuel litigation in this Court" to ensure that, when plaintiff files subsequent suits for damages allegedly incurred in the future as a result of DOE's delay in accepting SNF, the Government will still have copies of the documents that plaintiff previously produced and will not have to seek reproduction of those documents; and (3) in paragraph 2 of the standard protective order, we ask that the plaintiff endorse the pages of documents that it deems confidential with an appropriate protective order legend, rather than, as currently allowed by the standard protective order, merely stamping them as "confidential" or designating them as subject to the protective order in a letter. This last change is necessary because the manner of designating documents and materials as "confidential" under the existing protective order has resulted in sometimes vague descriptions of what documents and materials are actually protected and, further, has required the Government to incur sometimes significant expense to emboss a protective order legend on documents that the plaintiffs have produced to us.

The other two proposed orders are substantially similar to the orders that Judge Sypolt entered during the coordinated discovery proceedings in approximately 17 of the earliest filed spent nuclear fuel ("SNF") cases. The proposed e-mail preservation order applies the e-mail plan adopted in the course of the coordinated discovery proceedings and limits the parties' obligations to preserve e-mail to certain backup tapes. It also sets up a cost sharing procedure for searching any such tapes. Defendant believes that the proposed order will save substantial litigation costs, promote efficiency in the prosecution of the case, and reduce discovery disputes. Since the e-mail plan was adopted by Judge Sypolt on November 8, 2001 in the coordinated

discovery proceedings, the same or substantially similar proposed order has been entered in 16 other SNF cases.

The order governing access to the "Record Information System" database maintained by the Office of Civilian Radioactive Waste Management simply provides access to the database to counsel for the SNF plaintiffs, but enables the Government to conduct a privilege review for any documents that are selected for production. This proposed order is the same as the order entered by Judge Sypolt on February 1, 2002 in the coordinated discovery proceedings. This order has been entered in three other cases since that time, Consumers Energy Co. v. United States, No. 02-1894C (May 21, 2003), Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Feb. 15, 2006), and Entergy Nuclear Vermont Yankee, LLC, et. al v. United States, No. 03-2663C (Mar. 22, 2006).

For the foregoing reasons, defendant respectfully requests that the Court enter the attached proposed orders in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

August 14, 2006

Attorneys for Defendant

# ATTACHMENTS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC and POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-84C (Judge Bruggink) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby ORDERED BY THE COURT:

1. The term “Confidential Material” shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any “Confidential Material,” all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute “Confidential Material.”

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language: “PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S.

COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION."

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs in those spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that

pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this spent nuclear fuel case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the

designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped with the legend identified in paragraph 2 of this protective order or a similar legend indicating that the materials are subject to this protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be

subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

ERIC G. BRUGGINK
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC and POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-84C (Judge Bruggink) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DECLARATION OF**___________________________________

1. My name is _____________________________________.

2. My business address is _____________________________

_______________________________________________.

3. My present employer is ____________________________

________________________________________________.

4. My present occupation or job description is _________

_______________________________________________.

5. I have received a copy of the Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically

entitled to access under the Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

_______________________________
(signature)

DATED:________________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC and POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-84C |
| | ) | (Judge Bruggink) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

E-MAIL PRESERVATION ORDER

For good cause shown, the Court hereby orders the adoption of the salient provisions of the E-mail Plan utilized in the coordinated discovery proceedings, as follows:

1. Except as described in paragraph 2 below, the parties have no preservation or retention requirements with respect to e-mail communications and electronic records for this case.

2. The parties shall preserve any e-mail back-up tapes that exist from the 1988-1996 time period which may potentially contain relevant information. The Department of Energy will only preserve such tapes to the extent that they are from the Office of Civilian Radioactive Waste Management ("OCRWM").

3. The parties shall evenly share the costs of any searches of any of the backup tapes preserved pursuant to Paragraph 2, which costs should not exceed $15,000 for each tape.

IT IS SO ORDERED.

ERIC G. BRUGGINK
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC and POWER COMPANY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-84C (Judge Bruggink) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

STIPULATED ORDER GOVERNING REVIEW
OF THE DEPARTMENT OF ENERGY'S ELECTRONIC
"RECORD INFORMATION SYSTEM" DATABASE

Upon stipulation of the parties,

IT IS ORDERED that discovery in this action relating to the Department of Energy's electronic "Record Information System" database be governed by the following:

1. This order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted.

2. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

3. The parties have agreed that plaintiff in this litigation will be allowed to search electronically for documents relevant to the issues in this case that are currently maintained in an electronic database maintained by the Department of Energy called the Records Information System ("RIS"). By allowing plaintiff in this litigation access to the RIS, defendant will not be considered to have waived any privilege or protection applicable to any document or information contained in or upon that database. After plaintiff in this litigation reviews documents contained

in or upon the RIS and identifies those documents contained therein that it wishes defendant to produce in this litigation, defendant will be entitled to review those documents and withhold from physical production any documents that it deems privileged or subject to protection. Any such documents withheld will be identified on a privilege log. This agreement will not affect the plaintiff's rights to challenge defendant's assertion of privilege or protection, except that plaintiff will not be entitled to assert that defendant has waived any privilege or protection by allowing access to the RIS.

4. Nothing in this order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

IT IS SO ORDERED.

__________________________________
ERIC G. BRUGGINK
Judge

Certificate of Filing

I hereby certify that on the 14th day of August 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR ENTRY OF THE PROTECTIVE ORDER, THE E-MAIL PRESERVATION ORDER, AND THE STIPULATED ORDER GOVERNING REVIEW OF THE 'RECORD INFORMATION SYSTEM' DATABASE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan