IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0084<br>(Judge Bruggink) |

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

For its answer to the plaintiffs' complaint, filed on January 23, 2004, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1. Denies the allegations contained in the fourth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fifth sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 1.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits the allegation contained in the first sentence of paragraph 6 that Virginia Electric and Power Company is the current holder of the Standard Contract to the extent supported by the contract cited, which is the best evidence of its contents; denies the remaining allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second, third, and fourth sentences of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits.

8. The allegations contained in the first sentence of paragraph 8 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 8 to the extent supported by the licenses cited, which are the best

evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 8.

9. Denies the allegations contained in the first sentence of paragraph 9 for lack of information or knowledge sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Denies the allegations contained in the first sentence of paragraph 11 to the extent that they indicate that the Government, alone and without negotiation with the nuclear industry, developed the Standard Contract published at 10 C.F.R. § 961.11; admits that the Department of Energy and nuclear utility representatives developed the Standard Contract; otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 11. The allegations contained in the third sentence of paragraph 11 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in the paragraph 12 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the paragraph 13 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the paragraph 15 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in the paragraph 16 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

18. Denies.

19. Admits the allegations contained in the paragraph 19 to the extent supported by the joint letter cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the paragraph 20 to the extent supported by the Federal Register notice cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in the paragraph 21 to the extent supported by the Federal Register notice cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in the paragraph 22 to the extent supported by the court filing and decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in the paragraph 23 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in the paragraph 24 to the extent supported by the petition cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in the paragraph 25 to the extent supported by the preliminary determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in the paragraph 26 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in the paragraph 27 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the paragraph 28 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in the paragraph 29 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in the paragraph 30 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits.

32. Admits the allegations contained in the paragraph 32 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in the paragraph 33 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in the paragraph 34 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 that DOE did not begin accepting spent nuclear fuel from Standard Contract holders by January 31, 1998, pursuant to the Standard Contract; otherwise denies the allegations contained in paragraph 35.

36. The allegations in paragraph 36 are plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied; defendant avers that the Department of Energy has announced that it currently expects to begin acceptance of spent nuclear fuel from Standard Contract holders by 2017.

37. The allegations contained in the first sentence of paragraph 37 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 37.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 38 are incorporated by reference.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Admits the allegations contained in the paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. Admits the allegation contained in paragraph 43 that defendant "has not accepted any SNF from Plaintiffs" pursuant to the Standard Contract; admits the allegation contained in paragraph 43 that defendant "has an unconditional obligation to commence accepting SNF by

January 31, 1998," to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Defendant's responses to paragraphs 1 through 46 of the complaint are incorporated by reference.

48. The allegations contained in paragraph 48 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has

not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

51. The allegations contained in paragraph 51 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. Defendant's responses to paragraphs 1 through 51 of the complaint are incorporated by reference.

53. The allegations contained in paragraph 53 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 56, or to any relief whatsoever.

58. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Harold D. Lester Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

January 10, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 10th day of January 2007, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue