IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0084<br>(Judge Bruggink) |

| | |
|---|---|
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER
OR, IN THE ALTERNATIVE, TO EXCLUDE
EVIDENCE OF PLAINTIFFS' ALTERNATIVE CAUSATION MODEL

Pursuant to Rule 6(b)(1) of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests a modest enlargement of the Court's pre-trial deadlines to file its pre-trial brief and prepare for the pre-trial conference in this case. The requested adjustment will not affect the trial date of May 5, 2008, as set forth in the Court's Order dated October 29, 2007. This enlargement is necessary to afford the Government adequate opportunity to evaluate and potentially respond to an alternative causation model that the

plaintiffs first brought to our attention on Friday, February 15, 2008. This new model was not produced in connection with plaintiffs' Initial Disclosures of Claimed Damages in October 2006, or during the discovery period that ended in December 2007. Accordingly, the Government requests that its deadline to file its pre-trial brief, currently scheduled for March 10, 2008, be enlarged until April 7, 2008, and that the pre-trial conference in this case, currently scheduled to take place on March 13, 2008, be continued until mid-April at the convenience of the Court.[1] Further, the Government requests that discovery be reopened in this case for the limited purpose of allowing the Government to take any discovery necessary to understand and/or respond to the new model.

The Government is unable to determine how plaintiffs will be prejudiced by this limited enlargement of the Government's pre-trial filing deadlines. Counsel for Dominion has agreed to make a company representative available for a single deposition concerning the new model. Nonetheless, counsel for plaintiffs, Dominion Resources, Inc., Virginia Electric & Power Company and Dominion Nuclear Connecticut (collectively "Dominion" or "plaintiffs"), has indicated that plaintiffs oppose any enlargement of the pre-trial schedule.

On Friday, February 15, 2008, more than one month after the close of discovery and less than one month before the Government's pretrial brief is due to be filed with this Court, plaintiffs produced an alternative causation model, which they intend to introduce as an exhibit at trial. Counsel for the Government did not receive the model until after the President's Day holiday, on Tuesday, February 19, 2008. The original causation model that plaintiffs supplied to the

[1] In addition to the constraints imposed upon the Government concerning plaintiffs' newly produced evidence, the Government is contemplating filing pre-trial motions in this case. Presumably, if the Court is so inclined, it could hear argument upon these motions at a pre-trial conference scheduled in April.

Government in April 2007 assumed that the Department of Energy ("DOE") would accept spent nuclear fuel ("SNF") from the industry pursuant to the Standard Contract at what the plaintiffs call the "3000-MTU rate," outlined by the Annual Priority Ranking/Annual Capacity Report ("APR/ACR") issued by the DOE in 2004. Plaintiffs' alternative causation model assumes that DOE will accept SNF from the industry at an entirely different rate, as outlined in the Annual Capacity Report ("ACR") issued by DOE in 1987.

The rate at which the DOE was legally obligated to begin the acceptance of SNF from the industry pursuant to the Standard Contract is a central point of contention in the SNF cases.[2] In this case, up to this point, Dominion has proposed that a "3000-MTU" rate, as outlined in the 2004 APR/ACR evidences the contractually required rate. Both of the rates published in the 1987 ACR and the 2004 APR/ACR eventually ramp up to a 3000-MTU acceptance rate. However, the ramp-up to the 3000-MTU rate varies between these ACRs, and it is this variation that makes plaintiffs' alternative model different from its original model.

Dominion has never before presented a model to the Government based on this "new" acceptance rate, nor has it contended that the 1987 ACR rate constitutes DOE's contractual obligation during the course of discovery in this case. Pursuant to Rule 26(a)(1)(C) of this Court, plaintiffs are required to produce, as part of their Initial Disclosures, "a computation of any category of damages claimed" and to make available "the documents or evidentiary material . . . on which such computation is based." Consistent with this Court's requirements concerning the submission of initial disclosures, in the first request for production of documents served upon the

[2] As the Government contends, a 900-MTU rate of acceptance for the first ten years of the spent fuel acceptance program, as set forth in the APR/ACR issued in 1991, meets DOE's contractual obligation pursuant to the Standard Contract. Damages should be calculated accordingly.

plaintiffs on August 11, 2006, the Government requested "all documents supporting, refuting, or otherwise relating to Dominion's damages." A supplementation of these disclosures or discovery responses is required to "include information thereafter acquired" when a party learns that "in some material respect the information disclosed is incomplete or incorrect." RCFC 26(e). A failure to produce such information in a timely manner may result in a Court barring the party from using such evidence at trial. RCFC 37(c).

Dominion apparently intends to rely upon their new model as an alternative means by which this Court should evaluate damages in this case. Plaintiffs had sufficient opportunity through the course of discovery to produce an alternative model, but chose not to do so. Further, plaintiffs have offered no explanation as to why the rate published in the 1987 ACR was not previously offered as a part of plaintiffs' causation model, nor have they explained why the new model should be offered as an alternative at this point in time. Instead, plaintiffs desire to change their legal theory of recovery, without providing the Government with a reasonable period of time in which to review the newly produced model and prepare its defenses. Such a position on the part of plaintiffs is unreasonable and unduly prejudicial to the Government.

Recognizing the problems surrounding this late revelation, plaintiffs have agreed to one, limited deposition concerning the alternative causation model. However, the deposition is not likely to be scheduled any earlier than the week of March 3, 2008, which is only one week before the Government's pre-trial brief is due to this Court. Moreover, even if the deposition were to be scheduled during the week of March 3, the Government's experts would not have time to review the model and determine whether they have any opinion with respect to the model, prior to the deadline for pre-trial briefing or pre-trial conferences in this case. Moreover, it is unclear, given

the limited about of time that we have had to study the new model, whether other additional discovery will be necessary and appropriate. On its face, this new model appears to reduce plaintiffs' original claim for damages. However, without the opportunity to review and respond to the model, the Government is unable to evaluate its sufficiency, or offer an alternative model that might further reduce plaintiffs' claim. Assuming that the Government's retained experts desire to opine concerning the plaintiffs' new model, they will need a few weeks to review the document and prepare a supplemental report. By refusing to agree to a limited modification of the pre-trial deadlines in this case, plaintiffs have placed the Government in the unworkable position of being required to file its pre-trial brief without an adequate opportunity to review the plaintiffs' newly produced model and conduct a fully informed analysis through discovery, with the assistance of Government's retained experts.

The Government is sensitive to the Court's desire to proceed with trial in this matter. For this reason, the Government is seeking only a modest change in the pre-trial schedule and does not request that the Court defer the trial date. To the extent that the Court desires to maintain the current pre-trial schedule in this matter, defendant respectfully requests that the Court issue an order to exclude any evidence concerning the plaintiffs' alternative model at trial. If plaintiffs intend to rely upon this model at trial, the Government must be afforded the opportunity to address it, if necessary. Moreover, to the extent that plaintiffs are not primarily relying upon this model at trial, the Government sees no reason that it should be considered by this Court, particularly in light of its untimely disclosure.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to enlarge the pre-trial schedule in this case to afford it the opportunity to review and respond to plaintiffs' newly produced model or, in the alternative, to exclude all evidence of this alternative model at trial.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0527
Tel: (202) 305-2118

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

February 22, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER, OR IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE OF PLAINTIFFS' ALTERNATIVE MODEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue