IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC & POWER COMPANY, Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 04-0084 (Judge Bruggink) |
| DOMINION RESOURCES, INC., and DOMINION NUCLEAR CONNECTICUT, INC., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 04-0083 (Judge Bruggink) |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER OR, IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE OF PLAINTIFFS' ALTERNATIVE CAUSATION MODEL

Defendant, the United States, respectfully submits this reply to plaintiffs' response to our motion to amend the scheduling order or, in the alternative, to exclude evidence of plaintiff's alternative causation model.

In our motion, we explained why, in light of plaintiffs' eleventh-hour decision to modify its theory of damages in this case, it is imminently reasonable for the Government to be given an opportunity to vet and respond to that new theory. Nothing in plaintiffs' response to our motion

has undermined the reasonableness of our request. As a threshold matter, we strongly agree with plaintiffs' suggestion that this proceeding "not be a game of 'gotcha[.]'" P's Resp. 5.[1] Indeed, our desire to prevent such an outcome is precisely what motivated our request for a modest amount of additional time to address plaintiffs' untimely production of an entirely new theory of causation. Contrary to plaintiffs' representation, we are not "strenuously complaining" about their late production. Rather than move to strike plaintiffs' untimely evidence outright, and mindful of the Court's desire to maintain the date for trial in this case, we simply seek an opportunity to adequately discover, assess, and respond to plaintiffs' new legal theory.

The analysis of damages under varying rates of acceptance in spent nuclear fuel ("SNF") cases is hardly a "straightforward, mechanical exercise," as plaintiffs would have this Court believe. Id. at 3-4. Considerations of different rates may lead to profound differences in decision-making by nuclear utilities with regard to their storage of SNF. As a result, the mathematical mechanics of applying a particular rate scenario are of far less significance than the various assumptions underlying an entity's professed reliance upon that scenario. Moreover, the viability of any rate of acceptance must be based upon the facts and the law. For that reason, a plaintiff cannot simply offer this Court multiple potential rates in the hopes that the Court, or the United States Court of Appeals for the Federal Circuit, may adopt one of them.

Here, regardless of whether plaintiffs' alternative causation model ultimately reduces their amount of claimed damages, as they assert, id. at 4, it almost certainly will alter the analysis of the decisions that they would have made regarding the storage of SNF at their plants if the

---

[1] "P's Resp." refers to "Plaintiffs' Response to Defendant's Motion to Amend the Scheduling Order or, in the Alternative, to Exclude Evidence of Plaintiffs' Alternative Causation Model."

Department of Energy ("DOE") had performed at that rate, in turn affecting the amounts that plaintiffs may be entitled to recover. Of course, plaintiffs' recovery will be determined by this Court based upon the facts presented at trial and our defenses, which we cannot properly formulate absent a reasonable opportunity to address plaintiffs' untimely production. See Riquelme Valdes v. Leisure Resource Group, Inc., 810 F.2d 1345, 1356 (5th Cir. 1987) (recognizing that "reversible error results from unfair surprise where a plaintiff seeks to add a completely new basis for damages on the eve of trial.").

Plaintiffs' effort to downplay the effect of its late production of trial evidence, and their suggestion that the Government will not be prejudiced by it, is misleading. Notwithstanding plaintiffs' contrary representation, their alternative causation model, in fact, constitutes a wholly new theory of recovery. Throughout discovery, in their pre-trial briefing, and until this point, plaintiffs have advocated a "3,000 MTU/year" rate of acceptance based upon the 2004 Annual Capacity Report and Acceptance Priority Ranking ("ACR/APR"). Id. at 3. At this late juncture, they proffer a markedly different scenario, involving acceptance rates derived from a different ACR/APR, this one dated 1987. Id. at 4. The rates set forth in these separate documents vary significantly for all but one of the ten years of performance indicated, with the 1987 rate reflecting a substantially more aggressive ramp-up in SNF acceptance by DOE. At no point during discovery did plaintiffs ever disclose to the Government an intention to rely upon the 1987 ACR/APR. In fact, no plaintiff in the approximately nine-year history of the SNF litigation has ever advanced this specific rate. Thus, plaintiffs' sentiment that we should not have been "surprised" by their belated reliance upon the 1987 ACR/APR is flawed. Id. at 4. Moreover,

because plaintiffs have long been aware of this rate, they could have readily presented their new causation model in a timely fashion.

Notwithstanding the late nature of plaintiffs' disclosure, we merely request a reasonable opportunity properly to discover, assess, and respond to the potential effects of plaintiffs' new theory of recovery. Further, despite plaintiffs' objections to our request, we note that it was necessitated by plaintiffs' untimely production of an alternative causation model. Of course, as discussed in our moving brief, in the event that the Court is not inclined to amend the scheduling order, we have requested, and renew our request here, that the Court issue an order excluding from trial any evidence concerning plaintiffs' alternative causation model. Absent the opportunity to take adequate discovery regarding this new damages model and its effect upon the actions that, had DOE performed at the rates identified in that model, the plaintiffs would necessarily have had to undertake, we would be significantly prejudiced in presenting a defense to the plaintiffs' new model and assumptions. Nevertheless, assuming that we are provided with an adequate opportunity for discovery, we believe that we can be prepared to defend this action under the current scheduled date for trial.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

ANDREW AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Trial Attorneys
U.S. Department of Justice

February 26, 2008

s/Lisa L. Donahue by s/Scott Slater
LISA L. DONAHUE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-9498
Fax: (202) 307-2503

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 26th day of February, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER OR, IN THE ALTERNATIVE, TO EXCLUDE EVIDENCE OF PLAINTIFFS' ALTERNATIVE CAUSATION MODEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott Slater