IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0084<br>(Judge Bruggink) |
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT ON AFUDC

Pursuant to Rule 56(d)(1) of the Rules of the United States Court of Federal Claims, the United States hereby asserts that the following material facts are uncontroverted:

1. On October 31, 2006, plaintiffs submitted their Initial Disclosures of Claimed Damages, which included all damages allegedly incurred by Dominion Resources, Inc, Virginia Electric & Power Company ("VEPCO"), and Dominion Nuclear Connecticut, Inc. ("DNC") (collectively "Dominion" or "plaintiffs") in this case through June 30, 2006. Declaration of R. Larry Johnson, CPA ("Johnson Declaration") at ¶ 2 (App. 2).

2. Plaintiffs' Initial Disclosure of Claimed Damages includes costs associated with three of plaintiffs' nuclear facilities: North Anna Power Station ("North Anna"), Surry Power Station ("Surry"), and Millstone Power Station ("Millstone"). Johnson Declaration at ¶ 3 (App. 2).

3. VEPCO owns North Anna and Surry, which are located in Virginia, and DNC owns Millstone, which is located in Connecticut. Johnson Declaration at ¶¶ 1, 3 (App. 1, 2).

4. Included in plaintiffs' damage claim is $2,658,238 in capital financing costs, which are recorded as either Allowance For Funds Used During Construction ("AFUDC") or Capitalized Interest. Johnson Declaration at ¶ 4 (App. 2).

5. DNC claims approximately $1,960,189, and VEPCO claims approximately $698,049 in AFUDC, respectively. Johnson Declaration at ¶ 5 (App. 2).

6. Because VEPCO is a regulated entity and subject to Federal Energy Regulatory Commission ("FERC") guidance, VEPCO records its capital financing costs in an AFUDC account, as permitted by FERC. RCFC 30(b)(6) Deposition Testimony of Wesley Jenkins, dated October 5, 2007 ("30(b)(6) Tr.") at 31:2-6; 32:9-33:2 (App. 15 - 17).

7. The Millstone facility, located in Connecticut, is not a regulated entity, so DNC records its capital financing costs in a "capitalized interest" account, which is monitored by relevant financial accounting standards. 30(b)(6) Tr. at 31:2-6; 33:3-12 (App. 15, 17).

8. As a conceptual matter, Dominion treats VEPCO's AFUDC account and DNC's Capitalized Interest account in the same way in its accounting systems. 30(b)(6) Tr. at 34:2-7 (App. 18).

9. FERC regulations permit utilities to calculate and record AFUDC to account for the financing costs associated with capital expenditures. 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17) (2007); see 30(b)(6) Tr. at 32:9-12 (App. 16).

10. As defined by FERC, the AFUDC account includes "the net cost for the period of construction of borrowed funds used for construction purposes and a reasonable rate on other funds when so used." 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17) (2007).

11. FERC permits utilities to apply an AFUDC rate to its costs for construction work in progress until that capital project becomes "in service," at which point the AFUDC account no longer accrues and the utility may incorporate the AFUDC amount into its rate base. 18 C.F.R. Part 101, Electric Plant Instructions Section 3A(17); 30(b)(6) Tr. at 42:2-43:4 (App. 21 - 22).

12. Plaintiffs calculate the AFUDC (or capitalized interest) rate using a ratio of the plaintiffs' debt and equity, as specified by the FERC requirements, and apply that rate to their capital costs. 30(b)(6) Tr. at 16:19-17:19; 20:11-22 (App. 4 - 5, 7).

13. The AFUDC (or capitalized interest) account represents the cost of money- "the cost of the debt and equity that Dominion has to operate its business." 30(b)(6) Tr. at 19:3-10 (App. 6).

14. Dominion's treasury group determines what funding is required for all of the projects undertaken by Dominion, in the aggregate. 30(b)(6) Tr. 24:19-25:10 (App. 10 - 11).

15. Dominion obtains the debt portion of the AFUDC (or capitalized interest) rate from the commercial instruments, like loans and bonds, entered into by Dominion's treasury group. 30(b)(6) Tr. at 19:16-20:3 (App. 6 - 7).

16. Dominion obtains the equity portion of the AFUDC (or capitalized interest) rate from the issuing of stock. 30(b)(6) Tr. 24:5-12 (App. 10).

17. Plaintiffs cannot identify any specific borrowing that resulted in the application of the AFUDC (or capitalized interest) rate to the capital projects claimed as damages, because Dominion evaluates its financial needs at the company level, not at the level of individual projects. 30(b)(6) Tr. at 29:3-8; 22:22-23:7 (App. 14, 8 - 9).

18. Because Dominion's treasury group funds the projects undertaken by the entire entity, Dominion does not know how, if at all, its capital project funding costs changed as a result of DOE's failure to begin accepting spent nuclear fuel ("SNF") in 1998. 30(b)(6) Tr. at 51:9-52:2 (App. 24 - 25).

19. By allocating a certain portion of that AFUDC (or capitalized interest) account to Dominion's capital projects, Dominion allocates the "interest charges, the cost of the debt and equity, to the [capital] projects." 30(b)(6) Tr. at 22:2-5 (App. 8).

20. Dominion benefits from not spending money to fund capital projects and, instead, keeping the money in the equivalent of a savings account. 30(b)(6) Tr. at 39:7-40:5 (App. 19 - 20).

21. The application of the AFUDC (or capitalized interest) rate to a utility's capital costs recognizes that the utility is not immediately able to recover those costs from the rate base, and thus allows the utility to begin recovering a rate of return upon its capital expenditures once the project is "in service." 30(b)(6) Tr. at 27:18-28:7; 42:2-11 (App. 12 - 13, 21).

22. Dominion's treasury group is responsible to obtain funding for all of the projects undertaken by Dominion, including capital projects undertaken at Millstone, North Anna, and Surry, or projects related to Dominion's distribution and transmission businesses. 30(b)(6) Tr. at 34:14-19, 45:1-10 (App. 18, 23).

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Tel: (202) 305-2118

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

March 17, 2008

Attorneys for Defendant