IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0084<br>(Judge Bruggink) |
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S RESPONSE TO "PLAINTIFFS' NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE"

Defendant, the United States, respectfully responds to "Plaintiffs' Notice of Deposition And Trial Testimony Designations Or, Alternatively, Motion For Leave To Admit Prior Testimony Into Evidence," which plaintiffs, Dominion Resources, Inc., Virginia Electric and Power Company, and Dominion Nuclear Connecticut (collectively, "Dominion"), filed on March 17, 2008.[1]

[1] Although Dominion styled this filing as a "notice" and, in the alternative, motion to designate testimony, we treat Dominion's request as a motion because it is the appropriate means by which to seek the admission of testimonial designations. See RCFC App. A ¶ 15(b).

## SUMMARY OF ARGUMENT

Dominion's motion to designate as substantive evidence deposition and trial testimony from seven past and present Government employees should be denied. First, Dominion has not shown cause as to why this Court should admit its proffered designations into evidence in lieu of live testimony, as is the Court's preference. In fact, two of the subject witnesses, Messrs. Kouts and Brownstein, are presently scheduled to testify at trial, obviating any need for the admission of their designated testimony, and Dominion has made no showing that the other five witnesses whose testimony it seeks to designate are unavailable for trial. Second, Dominion has failed to make the required showing under Rule 801(d)(2) of the Federal Rules of Evidence ("FRE") that some of the testimony which it has designated is admissible as "admissions" by the United States. In the event that the Court deems any of Dominion's attempted designations to constitute admissions by the United States and/or otherwise admissible in lieu of live testimony, we respectfully request that the Court consider and rule upon our objections to this testimony prior to admitting it into evidence, and that the Government be permitted to counter-designate testimony that is necessary to complete the record.[2]

## DISCUSSION

### I. DOMINION HAS FAILED TO ESTABLISH CAUSE FOR THE ADMISSION OF TESTIMONIAL DESIGNATIONS *IN LIEU* OF LIVE TESTIMONY AT TRIAL

This Court should deny Dominion's motion because at least two of the witnesses for whom they have attempted to designate testimony, Messrs. Kouts and Brownstein, are to appear live at trial, and Dominion has made no showing that any of the other five witnesses it has

[2] The Government's objections and counter-designations appear at Attachment A to this response.

identified are unavailable. It is axiomatic that hearsay testimony is not to be substituted for live testimony when a witness is available for examination at trial. E.g., Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). As Federal courts have long recognized, live testimony is highly favored over out-of-court written testimony:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see also Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide the Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. See id. The reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness's testimony in person. American Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn. 1969); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) (recognizing "strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the

witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances.").

The preference for live testimony is recognized in RCFC 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court . . . ." RCFC 32(a)(3)(E)(ii) (emphasis added). The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing Fed. R. Civ. P. 32); see also Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness's former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination").

Pursuant to paragraph 15(b) of Appendix A of the Rules of this Court, in those instances where designated deposition or trial testimony may be appropriate, it is the movant's obligation to show cause for the use of such testimony, other than as provided by FRE 801(d). RCFC, App. A, ¶ 15(b); see also Angelo v. Armstrong World Indust., 11 F.3d 957, 963 (10th Cir. 1993) (observing that proponent of using deposition testimony at trial bears burden of proving admissibility *in lieu* of live testimony under FRCP 32). Although paragraph 15(b) of Appendix A itself does not expressly require that a party show cause in a written motion regarding the

admission of evidence pursuant to FRE 801(d), this Court has a preference for live testimony and, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support its request.

Finally, even if, as Dominion represents, the Court in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), is correct, and deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible in cases where a witness is available to testify in person, the Court retains the discretion to preclude the wholesale introduction of designated testimony in order to avoid transforming the trial into a matter of document review.[3] See e.g., Kolb, 109 F.R.D. at 127; RCFC 1. In this regard, a party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Judges are, of course, accorded wide latitude in excluding evidence that is repetitive or of only marginal relevance. Blum, 62 F.3d at 67 (citing Van Arsdall, 475 U.S. at 679); United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995).

Dominion asserts that its designations are proper because this case is one of approximately 60 such SNF matters pending before the Court, these same witnesses have testified on multiple occasions, and their testimony has been admitted previously as substantive evidence. Motion, at 2. While we appreciate Dominion's stated concern for the burden that

[3] Unlike in Globe Savings, where the Court admitted into evidence portions of a single individual's deposition testimony, Dominion seeks the admission of prior deposition and trial testimony by seven individuals, thereby raising the specter of "trial by deposition," a practice that is strongly disfavored in the Federal courts. Kolb, 109 F.R.D. at 127.

testifying in multiple trials presents, its representation is incorrect. Neither Lake Barrett, Robert Rosselli, Nancy Slater Thompson, nor Victor Trebules have ever testified at trial in any SNF case. Mr. Milner and Mr. Brownstein have each testified only once.[4] Dominion has not met its burden to establish that any of these individuals are unavailable to provide live testimony at trial, or to show cause as to why their testimony should be admitted into the record through designation. Moreover, Mr. Brownstein is scheduled to testify in person, as is Mr. Kouts, completely obviating any need for designated testimony from these witnesses.

In accordance with preferred practice, the Court should require Dominion to present their case through live testimony at trial, not to shirk this obligation by forcing the Court and the Government to engage in a cumbersome review of testimonial designations, at least some of which are duplicative of evidence available for presentation at trial. Dominion's proffered designations deprive the Court of an opportunity to engage in credibility determinations by gauging witnesses' responses and preclude witnesses from explaining their prior testimony or responding to questions that the Court may have. Because this Court possesses national jurisdiction and can summon witnesses to testify from throughout the United States, see RCFC 33, the Court should reject Dominion's attempt to avoid presenting live testimony at trial.

---

[4] Although some prior testimony of these individuals has previously been admitted through designations, the Court has done so over the Government's objections, which were founded upon many of the same grounds set forth in Attachment A to this response.

## II. DOMINION HAS NOT ESTABLISHED A PROPER BASIS FOR THE ADMISSION OF DESIGNATED TESTIMONY PURSUANT TO FRE 801(d)(2)

Dominion's motion should be further denied because Dominion has not met its burden to establish that at least some of the testimonial designations that it seeks to admit into the record of this case constitute admissions by the United States pursuant to FRE 801(d)(2). In its motion, Dominion broadly asserts that all of the testimony it proffered is admissible as "admissions by a party opponent under Fed. R. Evid. 801(d)." Motion, at 2. However, not every statement by every individual employed or formerly employed by a party constitutes an admission by that party. See, e.g., Krause v. City of LaCrosse, 246 F.3d 995, 1002 (7th Cir. 2001) ("Rule 801(d)(2)(D) does not cast such a wide net" as to "hold a city accountable for statements made by any city employee" (emphasis added)); Williams v. Pharmacia, Inc., 137 F.3d 944, 950 (7th Cir. 1998) ("The precise reach of Rule 801(d)(2)(D) is sometimes difficult to discern as there has been considerable debate about the justification for classifying vicarious admissions as non-hearsay."). At the very minimum, the employee must have had significant involvement in or responsibility for the decision at issue for his statements on the subject to qualify as admissions. Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 (S.D.N.Y. 2002); see also Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1456-57 (11th Cir. 1997) (finding that plaintiff could not testify to statements made by co-workers because co-workers had no supervisory or decision-making authority); Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 572 (8th Cir. 1989) (affirming refusal to admit derogatory remarks of company employees as vicarious admissions where employees were non-managers without involvement in decision); Hill v. Speigel, Inc., 708 F.2d 233, 237 (6th Cir. 1983) ("[t]he mere fact that each of these men was a

'manager' within the expansive Spiegel organization is clearly insufficient to establish that matters bearing upon [plaintiff's] discharge were within the scope of their employment").

FRE 801(d)(2)(D) provides, in pertinent part, that a statement constitutes an admission of a party opponent if:

> The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[] . . . .

Fed. R. Evid. 801(d)(2). To qualify as an admission under the Rule, a party must establish that the testimony offered meets three requirements: (1) the statement is made by the party that offered it; (2) the statement concerns matters within the scope of the "agency or employment;" and (3) the statement was made during the existence of the relationship. Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 164-65 (2004); Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003); Globe Savings, 61 Fed. Cl. at 97. It is up to the proffering party to lay a proper foundation to show that an otherwise excludable statement relates to a matter within the scope of an agent's employment and constitutes an admission. E.g., Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001). When evaluating whether such a foundation has been established, "[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2). Moreover, the burden of establishing the admissibility of specific testimony for designation and inclusion in the trial record rests with the movant. Evans, 192 F. Supp. at 263 n.121. The Court is the ultimate decision-maker regarding whether the movant has met the requirements for admissibility, and whether the designations

sought constitute admissions by the adverse party. See Long Island Savings, 63 Fed. Cl. at 164; Globe Savings, 61 Fed. Cl. at 97; Aliotta, 315 F.3d at 761.

Dominion relies upon Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), for the proposition that a party need not show unavailability of a witness to designate his or her testimony for the record so long as the three requirements set forth above are satisfied. Motion, at 2. Yet, prior to admitting any designated testimony, the Court in Globe undertook an analysis of the proffered designations to ensure that they met the requirements of FRE 801(d)(2)(D). Globe, 61 Fed. Cl. at 96-97. Specifically, the Court required the plaintiffs in that case to establish that the statements were made by the party against whom they were offered, the United States; the subject matter of the testimony designated matched the "subject matter of the employee's job description[]"; and that the individuals for whom testimony was designated were employed by the Government at the time of their statements. Id. Dominion has failed to make an equivalent showing.

Although some of Dominion's designations provide information concerning the designees' respective positions and the scope of their employment at the time, Dominion's motion and designations are devoid of sufficient detail to establish that all of the proffered testimony was provided within the scope of these individuals' employment. For instance, Dominion attempts to designate the testimony of Lake Barrett regarding the development of the 3,000 Metric Tons Uranium ("MTU") design rate for the Department of Energy's planned spent nuclear fuel ("SNF") repository. However, as Mr. Barrett explained during his deposition, this rate was developed before he ever joined the repository program. Attachment A, Barrett Dep. Apr. 22, 2002, 149:5-12. As a result, Mr. Barrett's testimony concerning this subject lacks

adequate foundation, and it cannot meet the admissibility test under FRE 801(d) as an admission against the United States. Further, Dominion has not attempted to overcome the various objections to which some of their proffered testimonial designations are subject.

Accordingly, the Court should deny Dominion's motion to the extent that Dominion has not established a proper basis for the admission of the proffered testimony. Further, the Court also should consider and rule upon the Government's objections to Dominion's designations before allowing these designations to burden the record. Our objections are attached to this response at Attachment A.

## III. SHOULD THE COURT ADMIT DOMINION'S PROFFERED TESTIMONY, IT ALSO SHOULD ADMIT THE GOVERNMENT'S COUNTER-DESIGNATED TESTIMONY

Should the Court determine to admit into evidence in this case the testimonial designations submitted by Dominion, the Government respectfully requests that the Court also admit the Government's counter-designated testimony, which is necessary to complete the record, and that the Court rule upon all objections to each proffered testimony. See FRE 106. The Government's counter-designations are identified in Attachment A to this motion, with supporting transcripts included at Attachment B.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Dominion's motion or, in the alternative, that the Court rule upon the Government's objections prior to the admission of any testimonial designations and, further, that it admit the Government's counter-designations.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Lisa L. Donahue by s/Scott Slater
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

April 4, 2008

Attorneys for Defendant