IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOMINION RESOURCES, INC., and VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0084<br>(Judge Bruggink) |
| DOMINION RESOURCES, INC., and DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0083<br>(Judge Bruggink) |

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' WITNESS LIST

Pursuant to the Court's April 8, 2008 order and Appendix A of the Rules of the United States Court of Federal Claims, defendant, the United States, objects to the anticipated testimony of two witnesses identified by plaintiffs, Dominion Resources, Inc., Virginia Electric and Power Company, and Dominion Nuclear Connecticut (collectively, "Dominion"), as witnesses that they anticipate calling at trial in their List Of Witnesses, filed on March 24, 2008.[1] Specifically, we

[1] This filing constitutes the Government's objections to the proposed testimony of Dominion's identified witnesses, to the extent we are aware of potential concerns. We

object to the testimony of John D. Dakers and Lee D. Katz to the extent that plaintiffs attempt to use these lay witnesses, none of whom Dominion designated as experts, to provide expert testimony in violation of the Federal Rules of Evidence.

Dominion has designated no experts to testify on its behalf at trial. However, on February 22, 2008, after the close of discovery, and after receiving the Government's expert reports, Dominion submitted to the Government its list of witnesses. Among the witnesses that Dominion identifies as witnesses that it anticipates calling at trial are Lee D. Katz, Kerry L. Basehore, and John D. Dakers.[2] Dominion had not previously identified these persons in its RCFC 26(a)(1) initial disclosures. The Government believes that Dominion may rely upon Mr. Dakers and Mr. Katz at trial to offer testimony in the form of specialized opinions and inferences for the purpose of assisting the Court in drawing factual and legal conclusions, in violation of Federal Rules of Evidence 701 and 702. It is apparent that Dominion anticipates using the testimony of Mr. Katz and Mr. Dakers to rebut specific opinions that the Government's designated experts intend to offer at trial. Because Dominion has not designated either of these witnesses as experts, any such testimony is inadmissible pursuant to Rule 701 and should be excluded.

---

respectfully retain the right to object, as appropriate, to any testimony offered at trial by any of Dominion's witnesses.

[2] The Government does not object to the testimony of Mr. Basehore in this filing. However, it is clear from the deposition of Mr. Basehore, taken on April 10, 2008, that his relevant, factual knowledge in this case is limited to the management of spent fuel projects after 1997 when he became Director, Nuclear Analysis and Fuels, at Dominion. To the extent that plaintiffs seek to offer testimony at trial from Mr. Basehore concerning the management of spent fuel projects prior to 1997, or that would have occurred prior to 1997, absent a delay by the Department of Energy, we will object.

Rule 702 of the Federal Rules of Evidence provides for testimony by qualified experts "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. However, testimony in the form of opinions or inferences by lay witnesses is strictly circumscribed to that which is:

> (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) <u>not based on scientific, technical, or other specialized knowledge</u> within the scope of Rule 702.

Fed. R. Evid. 701 (emphasis added). In 2000, the final prong of Rule 701, subsection (c), was added for the purpose of eliminating any risk of a party circumventing the reliability requirements set forth in Rule 702 "through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Notes for 2000 Amendment. By channeling expert testimony to Rule 702, this amendment also prevented parties from evading the expert witness disclosure requirements set forth Fed. R. Civ. P. 26 and RCFC 26 by simply calling an expert witness in the guise of a layperson. <u>Id.</u> Courts have been diligent in enforcing the proscription against "pseudo-expert" testimony by non-designated fact witnesses. <u>See</u>, <u>e.g.</u>, <u>JGR, Inc. v. Thomasville Furniture Indus.</u>, 370 F.3d 519, 524-26 (6th Cir. 2004) (vacating damages award and remanding for new trial on basis of improper admission of lay opinion testimony where witness's "generic industry experience [could] not pass Rule 701 scrutiny."); <u>DIJO Inc. v. Hilton Hotels Corp.</u>, 351 F.3d 679, 685-87 (5th Cir. 2003) (finding that allowance of lay witness opinion testimony concerning lost profits constituted reversible error where witness lacked "direct and particularized knowledge.")

We summarize below our particular concerns and objections with regard to the above-named individuals.

Lee D. Katz

Mr. Katz has been identified by plaintiffs as the Controller for Dominion who will testify "regarding Plaintiffs' overhead costs and other financial practices and procedures." Plfs.' List of Witnesses at 4.[3] During his deposition, Mr. Katz revealed that, except for a high-level review of all Dominion's costs for the purpose of confirming the accuracy of Dominion's financial information, his work at Dominion does not concern overheads. Mr. Katz, who was formerly employed as a litigation consultant with an accounting firm, also admitted during his deposition that he reviewed the expert report prepared by the Government's damages expert, R. Larry Johnson, including Mr. Johnson's work papers. As a result of that review, Mr. Katz offered an "opinion" as to the recoverability of overheads and Allowance For Funds Used During Construction ("AFUDC"). Mr. Katz's opinions are not based upon factual knowledge of the costs included in Dominion's claim, but upon an independent knowledge of the workings of Generally Accepted Accounting Principles ("GAAP") that he has obtained through his work experience, education, and research conducted in information databases and accounting textbooks. Such testimony is within the expert realm and precluded under these circumstances by Rule 701 of the Federal Rules of Evidence. We object to Mr. Katz's testimony to the extent

[3] The Government deposed Mr. Katz on April 10, 2008, and, as of the date of this filing, we have not received the transcript of that deposition.

that Dominion intends to elicit from him information, opinions, or inferences, including any opinions concerning the recoverability of plaintiffs' costs, based upon his knowledge of GAAP.[4]

John D. Dakers

Dominion originally identified Mr. Dakers, a structural engineer, to testify "about the decision to upgrade the Millstone Unit 2 and 3 cranes." Plfs.'List of Witnesses at 4. Yet, during his deposition, Mr. Dakers admitted that he had no involvement in Dominion's decision to upgrade these cranes. Mr. Dakers's involvement in the crane upgrade project was limited to discrete, technical components of the projects, particularly the completion of analyses to ensure that the buildings housing the cranes could withstand earthquakes or other dynamic loads. The Government does not dispute the results of these analyses. On April 1, 2008, following Mr. Dakers' deposition, counsel for Dominion sent us a letter to "clarify the subject matter of [his] testimony," in which counsel explained that Mr. Dakers would "testify about technical aspects of the crane upgrades and Dominion's evolving compliance with various regulations." We understand this proposed testimony to be in response to the opinions of our technical expert concerning Dominion's decision to upgrade the cranes at the Millstone facility, including the steps that Dominion was required to take to comply with applicable regulations concerning heavy loads. However, Mr. Dakers was not responsible for, or involved in, any load drop analyses performed at the Millstone facility that are pertinent to the cranes at issue in this

[4] It is conceivable that Mr. Katz may testify at trial concerning Dominion's adherence to GAAP and the results of any external audits of Dominion's business, performed by Dominion's outside auditors. Although Mr. Katz may have foundation for such testimony, it is entirely irrelevant. Plaintiffs do not purport to have prepared their damages claim in accordance with GAAP. Moreover, we do not dispute Dominion's adherence to GAAP for the purpose of preparing its general distribution financial statements, and our damages expert does not take issue with Dominion's accounting methodologies insofar as those methodologies are used to prepare Dominion's general distribution financial statements.

litigation. Rather, it is apparent that Dominion intends to use the testimony of Mr. Dakers, more generally, to educate the Court concerning applicable regulations and the ways in which a utility can comply with those regulations. We object to Mr. Dakers's testimony to the extent that Dominion intends to elicit from him opinions and inferences concerning issues of regulatory or corporate compliance, or inferences concerning Dominion's decision to upgrade the cranes, that he obtained through his scientific and engineering knowledge.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

April 14, 2008

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of April 2008, a copy of the foregoing "DEFENDANT'S OBJECTIONS TO PLAINTIFFS' WITNESS LIST" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue