IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>DOMINION NUCLEAR CONNECTICUT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0083<br>(Judge Bruggink) |

| | | |
|---|---|---|
| DOMINION RESOURCES, INC., and<br>VIRGINIA ELECTRIC & POWER COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-0084<br>(Judge Bruggink) |

DEFENDANT'S RESPONSE TO THE COURT'S AUGUST 21, 2008 E-MAIL INQUIRY

Pursuant to the Court's August 21, 2008 e-mail request, the United States submits this response to plaintiffs' e-mail, dated August 25, 2008, concerning the cost breakdown for Allowance For Funds Used During Construction ("AFUDC"), overheads, unsupported internal labor, and non-incremental internal labor.

The Government understands the Court to be asking two questions. First, the Court would like to know whether the parties still desire that the Court divide its damage award in these cases between Virginia Electric and Power Company ("VEPCO") and Dominion Nuclear

Connecticut ("DNC"). Second, the Court would like to know how to divide the amounts included in plaintiffs' claims for AFUDC, overheads, and internal labor costs between VEPCO and DNC.

First, as the Government indicated at trial, we prefer that the Court award separate damage amounts as due to each plaintiff, and not a lump sum for the plaintiffs to allocate as they see fit. The Government desires for the damages award to be properly segregated for at least three reasons. First, VEPCO and DNC are separate legal entities which base their claims for damages against the Government in this matter on separate contracts entered into with the Department of Energy ("DOE"). Therefore, it is important that the Court make an award of damages to the party that properly incurred those damages. Second, a separate award of damages will facilitate post-trial proceedings, such as the filing of any appeals and the eventual payment of any final judgments. Third, it is each plaintiff's burden to prove its damages to a reasonable degree of certainty, including what amount is due to each plaintiff.

As for the second part of the Court's request – how to divide the claimed damages between VEPCO and DNC – the Government has independently verified the cost breakdown as represented by plaintiffs in their August 25 e-mail and concurs with the amounts therein. If, for example, the Court excludes AFUDC from its damage award, but awards plaintiffs <u>all</u> other damages that they seek, the Court whould deduct $698,049 from VEPCO's claim and $1,960,189 from DNC's claim. It is important to note that, to avoid double-counting, Mr. Johnson only deducted the amount of AFUDC, overhead, or internal labor in the plaintiffs' claims if that amount had not been deducted previously through the exclusion of a capital project to which that category of cost had been assigned. Using AFUDC as an example, where the

North Anna ISFSI costs and the Millstone crane upgrade costs were excluded from the plaintiffs' claims, all AFUDC costs assigned to those projects were excluded with them. Therefore, Mr. Johnson only removed the remaining AFUDC from the claims in his final AFUDC calculation. Therefore, the actual amount of AFUDC, overheads, or internal labor that must be deducted from the claim depends upon which projects the Court determines are not recoverable. Mr. Johnson explained this process at trial. Johnson, Tr. 2502:3-2503:4. As plaintiffs suggest in their e-mail response, depending upon the form of award determined by the Court, additional calculations may be necessary. In the event that the Court requires additional calculations to be performed to accurately award the damage amounts due to each plaintiff in these cases, Mr. Johnson is available to perform those calculations.

For the reasons explained above, the Government respectfully requests that the Court make separate damage awards to VEPCO and DNC and that the Court refer to the amounts as represented by the parties, Mr. Johnson's trial testimony, and DX-D5 to make its award.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Lisa L. Donahue
LISA L. DONAHUE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-9498
Fax: (202) 307-2509

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
Senior Trial Counsel

ANDREW P. AVERBACH
CHRISTOPHER J. CARNEY
SCOTT SLATER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

August 28, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE COURT'S AUGUST 21, 2008 E-MAIL INQUIRY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lisa L. Donahue